UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRIN GRUENBERG,

        Plaintiff,

v.                                                              Case No. 10-C-749

RICHARD SCHNEITER, et al.,

        Defendants.

**ORDER**

Plaintiff, an inmate, requested that the Court enter an order allowing his initial partial filing fee to be taken out of his release account. I denied that request, however, noting that Plaintiff's prison account had sufficient funds to pay the initial partial filing fee. Plaintiff has moved to reconsider and has submitted an additional prison account statement indicating that he has no funds in his account at all, in contrast to the statement he submitted only a month earlier, which showed more than $400 in his account. According to Plaintiff, the previous statement actually reflected his release account funds rather than his normal prison account, although it is unclear how a reviewing court is supposed to discern that from the documents themselves. In any event, it now appears that the original IPFF calculation was erroneous, as it was based on the earlier account statement. Because Plaintiff has no funds, the IPFF will be **waived**.

The Court must now proceed to screen the complaint to ensure that it states a colorable claim against state officials. Plaintiff alleges that, by virtue of a number of conduct reports, prison

staff (the Defendants) restricted him from outdoor exercise for a period of some fourteen months, with eleven of these months being consecutive. He asserts that between March 2009 and February 2010 he was not allowed outside for exercise and was only allowed to visit the law library weekly and while under restraints. These restrictions allegedly caused him numerous physical ailments and mental problems.

In *Pearson v. Ramos,* 237 F.3d 881 (7th Cir. 2001), the Seventh Circuit found no Eighth Amendment violation where the inmate had lost a full year's worth of exercise time by virtue of four prison infractions. The Court noted that the infractions were serious and had occurred while the inmate was outdoors, which made the penalty the prison imposed reasonable. Even so, the Court noted that it is improper to lump all of the penalties together as though they were a single punishment: "it is wrong to treat stacked sanctions as a single sanction. To do so produces the ridiculous consequence of enabling a prisoner, simply by recidivating, to generate a colorable Eighth Amendment claim." *Id.* at 886. Thus, it would be erroneous to simply group all of Plaintiff's months of no exercise together as though they were a single punishment. But that does not mean they are not relevant. When an inmate alleges serious medical and mental problems arising out of continued outdoor restrictions, the restrictions must be judged, like any other punishment, on their reasonableness. An inmate denied exercise for five years who alleged serious medical problems, for example, might have a colorable Eighth Amendment claim if the prison denied him another 90 days of exercise for a relatively minor rule infraction. Although this case might end up like *Pearson*, where the year of no exercise was found constitutional, I cannot make that conclusion at the screening stage without evidence of the violations or the rationale for the punishments imposed. Accordingly, the claim will be allowed to proceed.

**IT IS ORDERED** that the initial partial filing fee is **waived**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

Pursuant to a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] ("NEF") to State of Wisconsin respondent(s)[2] through the Attorney General for the State of Wisconsin. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.

IT IS ORDERED that the defendants shall file a responsive pleading to the plaintiff's complaint.

**SO ORDERED** this 19th day of October, 2010.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge