UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARRIN GRUENBERG,

    Plaintiff,

v.                                                   Case No. 10-C-749

RICHARD SCHNEITER, et al.,

    Defendants.

**ORDER**

Several motions are pending in this action; this order addresses three preliminary motions filed early in the case. The Court intends to address the summary judgment motion in a separate opinion to follow.

**I. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel, which accompanied his complaint. In a previous action filed by the same Plaintiff, I denied his motions to appoint counsel on the grounds that the facts were not overly complicated and the Plaintiff demonstrated sufficient capability to prosecute his case. "In this Court's experience, Gruenberg's presentation of the facts was significantly above the average pro se litigant's capabilities." *Gruenberg v. Gempeler,* No. 09-C-455, 2010 WL 3789768 (Sept. 30, 2010).

As I noted in denying appointment of counsel, the question is whether a litigant has an adequate ability to alert the court to the nature of his claim and to marshal and explain the facts underlying that claim. This analysis involves not just an inquiry into the mental state of the litigant

but also an assessment of the complexity of the case, its potential merit, and such things as the litigant's difficulty of obtaining evidence from a prison cell. "The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007). As the Seventh Circuit has noted, a litigant has a right to access the courts, but not a right to have his claims presented effectively. "The right of access to the courts protects prisoners from 'being shut out of court,' it does not exist to 'enable the prisoner ... to litigate effectively once in court.'" *Id.* at 657 (citations omitted).

Here, Plaintiff's motion is conclusory. He states that he will be restricted in his ability to prosecute the action because he is incarcerated, but that is true of thousands of *pro se* litigants. Moreover, the nature of his claim is once again crystal clear: he alleges that he was impermissibly restricted from outdoor exercise. He is perfectly able to explain to the Court what happened, and this Court is equally able to determine whether the Constitution has been violated. Assistance of counsel cannot reasonably be expected to materially aid Plaintiff's presentation of the case. Accordingly, the motion to appoint counsel is **DENIED**. If further proceedings suggest that assistance of counsel is required by the Due Process Clause, the Court will reexamine the issue on its own initiative.

**II. Motion to Strike**

Plaintiff has moved to strike Defendants' affirmative defense that Plaintiff failed to exhaust his administrative remedies. He asserts that such a defense must be pled with particularity. The nature of such a defense, which is common, is more properly the subject of summary judgment proceedings. In fact, that is one of the Defendants' arguments in their summary judgment filings,

2

and Plaintiff has addressed the argument at greater length there. The motion to strike is **DENIED**.

**III. Motion for Judgment on the Pleadings**

Plaintiff also moved for judgment on the pleadings. This motion is also inappropriate. This Court's screening order addressed the merits of the complaint, and nothing in the Defendants' answer suggests that judgment would be proper based merely on the pleadings. The questions posed by the complaint involve exhaustion of remedies and the nature of the restrictions placed on Plaintiff. These are not matters that can be resolved at such an early stage. The motion will therefore be **DENIED**. The motion to strike the motion will be **DENIED** as moot.

**IV. Conclusion**

For the reasons given above, motions [3], [19], [22], and [26] are **DENIED**.

**SO ORDERED** this   29th   day of September, 2011.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge